**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD MERCADO, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:20-CV-01783 (JCH) |
| v. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| Defendant. | : | FEBRUARY 29, 2024 |

**RULING ON MOTION FOR ATTORNEY'S FEES (DOC. NO. 142) AND MOTION FOR PREJUDGMENT AND POST-JUDGMENT AWARD INTEREST (DOC. NO. 143)**

**I.      INTRODUCTION**

Plaintiff Ronald Mercado ("Mercado") moves this court for an award of attorney's fees and costs, pursuant to section 46a-104 of the Connecticut General Statutes, in the amount of $215,030.23.  See Plaintiff's Application for Attorney's Fees and Costs ("Pl.'s Atty.'s Fees. Mot.") (Doc. No. 142).  Mercado also moves the court for an award of prejudgment and post-judgment interest.  See Plaintiff's Motion for an Award of Pre-Judgment and Post-Judgment Interest ("Pl.'s Award Interest Mot.") (Doc. No. 143).  The defendant, the City of Bridgeport ("the City"), opposes both Motions.  See City's Consolidated Memorandum in Opposition to Plaintiff's Motions ("Def.'s Opp.") (Doc. No. 146).

For the reasons set forth below, the Motion for Attorney's Fees is granted in part, and the Motion for an Award of Prejudgment and Post-judgment Interest is granted in part.

## II.    BACKGROUND

Mercado, a police officer in the Bridgeport Police Department, filed a Complaint—along with his coworker, James Geremia ("Geremia")[1]—against the City, pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and the Connecticut Fair Employment Practices Act ("CFEPA").  See Complaint (Doc. No. 1).  Mercado alleged, inter alia, that he suffered discrimination based on a perceived psychological disability.  See id. at ¶¶ 56-58.

On March 7, 2023, the City made Mercado an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, "in the amount of $75,000.00", which "include[d] all fees and costs accrued to date, including reasonable attorneys' fees." See Offer of Judgment, Def.'s Ex. 1 to Def.'s Opp. (Doc. No. 146-1).  Mercado did not accept the Offer of Judgment and the matter proceeded to trial.[2]  At trial, the jury found that Mercado had proven, by a preponderance of the evidence, that the City regarded him as disabled under the CFEPA and that he suffered adverse employment action because of that perceived disability, in violation of the CFEPA.  See Jury Verdict (Doc. No. 140).  The jury found that he had not, however, proven by a preponderance of the evidence that the City regarded him as disabled under the ADA; as such, his ADA claim failed.  See id.  The jury awarded Mercado economic damages in the amount of

---

[1] Geremia settled his case with the City in April 2022.  See Affidavit of Attorney John R. Mitola, at ¶ 9 (Doc. No. 146-2); Joint Status Report (Doc. No. 45).

[2] Shortly before trial, Mercado moved to withdraw without prejudice his various other discrimination claims, see Motion to Withdraw (Doc. No. 129), which this court granted, see Order (Doc. No. 131).  Consequently, only Mercado's ADA and CFEPA claims for discrimination based on perceived disability went to trial.

$45,258.00, as well as noneconomic damages in the amount of $1.00, for a total of $45,259.00.

On June 6, 2023, plaintiff moved for attorney's fees, see Pl.'s Atty.'s Fees Mot., and prejudgment and post-judgment award interest, see Pl.'s Award Interest Mot.  The City opposes both Motions.  See Def.'s Opp.

## III.   DISCUSSION

The plaintiff has filed a Motion for Attorney's Fees and a Motion for an Award of Prejudgment and Post-judgment Interest.  The court addresses each Motion separately.

### A.   Motion for Attorney's Fees and Costs

Plaintiff moves for an award of attorney's fees in the amount of $210,732.09 and costs in the amount of $4,298.14, pursuant to Section 46a-104 of the Connecticut General Statutes.  See Plaintiff's Memorandum in Support of Application for Attorney's Fees and Costs ("Pl.'s Mem."), at 2 (Doc. No. 142-1).  Plaintiff asserts that, because he prevailed on his CFEPA claim for perceived disability discrimination, he should be awarded reasonable attorney's fees and costs.  See id.  The City, however, contends that plaintiff's requested fee award is excessive and that this court should either (1) exercise its discretion to decline to award fees at all, or (2) drastically reduce plaintiff's requested fee award.  See Def.'s Mem. at 1.

Section 46a-104 provides, in part:

The court may grant a complainant in an action brought in accordance with section 46a-100 such legal and equitable relief which it deems appropriate including, but not limited to, temporary or permanent injunctive relief, punitive damages, attorney's fees and court costs.  The amount of attorney's fees allowed shall not be contingent upon the amount of damages requested by or awarded to the complainant.

Conn. Gen. Stat. § 46a-104.  Under Connecticut law, an award of costs and attorney's fees is within the discretion of the court.  See Moasser v. Becker, 121 Conn. App. 593, 595 (2010).  A plaintiff who prevails on a CFEPA claim may be awarded attorney's fees, although the statute "does not provide for such award as a matter of right[.]"  Howard v. Anthem, Inc., 638 F. Supp. 3d 133, 140 (D. Conn. 2022) (citing Conn. Gen. Stat. § 46a-104).

Nonetheless, as plaintiff correctly notes, courts have consistently emphasized the importance of fee awards in civil rights cases.  See, e.g., Green v. Torres, 361 F.3d 96, 100 (2d Cir. 2004) (noting that attorney's fees are awarded in civil rights cases "to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole" (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999))); McCann v. Coughlin, 698 F.2d 112, 128 (2d Cir. 1983) ("Fee awards take on particular importance in actions brought pursuant to the civil rights laws, which rely in large part on private actions to ensure compliance with their provisions.").  Although these principles have generally been articulated in federal civil rights cases in which fee awards are mandatory, the court agrees with plaintiff that they remain relevant when a federal court considers whether to award attorney's fees in a state law civil rights case.

1.    Reductions

As a threshold matter, the City advances a variety of arguments as to why this court should either decline to award any attorney's fees or, at least, award a drastically reduced amount.  The court addresses each of these arguments, before assessing whether plaintiff's request for attorney's fees is otherwise reasonable.

a)      Offer of Judgment and Settlement

First, the City contends that, under the principles of Rule 68 of the Federal Rules of Civil Procedure and Connecticut law, the plaintiff foreclosed an award of attorney's fees because he declined the City's Rule 68 Offer of Judgment of $75,000 and was, ultimately, awarded only $45,259 in damages from the jury.  Rule 68 provides, in part:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued . . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a).  As the City notes, a similar rule exists under Connecticut law. See Conn. Gen. Stat. § 52-195(b) ("Unless the plaintiff recovers more than the sum specified in the offer of compromise, with interest from its date, the plaintiff shall recover no costs accruing after the plaintiff received notice of the filing of such offer . . . .").  The City argues that, because Mercado declined an Offer of Judgment that was higher than the amount in damages awarded by the jury, he should not receive any attorney's fees, see Def.'s Mem. at 2-7, or his award should, at least, be limited to fees incurred before March 7, 2023, when the City's Offer of Judgment was made, see id. at 9-11.  The City, relatedly, contends that Mercado's "stubborn decision to demand no less than $1 million [in settlement discussions] and proceed to trial" constitutes another reason not to award attorney's fees.  See id. at 1.

The court disagrees.  First, the court does not view plaintiff's posture during settlement discussions as warranting no award or a drastic reduction.  Consideration of settlement negotiations is generally inappropriate when determining reasonable attorney's fees.  "Absent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award.'"  Ortiz v. Regan,

980 F.2d 138, 141 (2d Cir. 1992) (quoting <u>Cowan v. Prudential Ins. Co. of Am.</u>, 728 F. Supp. 87, 92 (D. Conn. 1990)).  Having reviewed the available record, the court does not believe plaintiff acted in manifestly bad faith, such that no award, or a dramatically reduced award, is warranted.

Second, the court disagrees that it must, under the principles of Rule 68, either decline to award attorney's fees entirely or, at least, decline to award attorney's fees incurred after Mercado declined the City's Offer of Judgment on March 7, 2023. Although the City is correct that the declined Offer of Judgment exceeds the jury's damages award, that is not the end of this court's inquiry into whether plaintiff's judgment exceeds the City's settlement offer.  The City's Offer of Judgment of $75,000 "include[d] all fees and costs accrued to date, including reasonable attorneys' fees." <u>See</u> Offer of Judgment.  By March 7, 2023, the plaintiff had already incurred—based on this court's assessment, <u>see</u> Section III.A.2, <u>infra</u>—$61,586 in reasonable attorney's fees, which, combined with the jury verdict, exceeds the City's Offer of Judgment by $31,845.  Thus, the judgment that plaintiff won is not less favorable than the Offer of Judgment.  <u>See</u> <u>Townsend v. Benjamin Enters., Inc.</u>, 679 F.3d 41, 59-60 (2d Cir. 2012). (holding, in a case involving discretionary attorney's fees under Title VII, that a plaintiff was not precluded from post-offer attorney's fees, after declining a Rule 68 offer of judgment that was higher than the jury verdict, because the "amount of pre-Offer fees and costs, in combination with the plaintiff's ultimate recovery, exceeds the Rule 68 Offer"); <u>de Jesus Rosario v. Mis Hijos Deli Corp.</u>, No. 15-CV-6049, 2020 WL 2614761, at *3 (S.D.N.Y May 22, 2020) (declining to reduce an award under Rule 68 because the attorney's fees incurred up until the date of the offer of judgment, in combination with

the jury verdict, exceeded the offer of judgment); <u>Rivera v. Corp. Receivables, Inc.</u>, 540 F. Supp. 2d 329, 334 (D. Conn. 2008) (stating that, because the defendant's "offer of judgment was in the amount of $4,000, inclusive of attorney's fees" and because the "plaintiff was awarded $1,000 at trial," the plaintiff would be entitled to post-offer attorney's fees and costs so long as "plaintiff's attorney's fees up until the offer [exceeded] $3,000").

Here, the plaintiff is seeking attorney's fees pursuant to a Connecticut statute.  It is not entirely clear, under Connecticut case law, how Connecticut courts determine a plaintiff's amount recovered under sections 52-193 and 52-195, when comparing that amount to the amount offered in an offer of compromise.[3]  Nonetheless, the court finds that, in this specific instance, Connecticut law does not compel a reduction in plaintiff's fee award.  The City filed its Offer of Judgment pursuant only to Rule 68, rather than the applicable Connecticut statutes.  <u>See</u> Offer of Judgment at 1 ("This offer is made pursuant to the provisions of Rule 68 of the Federal Rule of Civil Procedure only . . . .").  Indeed, it is not apparent, from the available record, that the Offer of Judgment was filed in accordance with the specific procedures enumerated by the relevant Connecticut statutes.  <u>See</u> Conn. Gen Stat. § 52-193 (providing, <u>inter alia</u>, that a "defendant may, not later than thirty days before trial, file with the clerk of the court a written offer of

---

[3] Some Connecticut superior courts have treated the amount recovered as the jury verdict.  <u>See, e.g.</u>, <u>McDunnah v. Shea</u>, No. CV 92 0454414S, 1994 WL 14534, at *1 (Jan. 7, 1994) (finding that plaintiff was not entitled to post-offer of compromise costs because the offer of compromise amount exceeded the jury verdict).  At least one superior court, however, has held that the amount recovered by a plaintiff under sections 52-193 and 52-195 need not necessarily mirror the jury verdict.  <u>See</u> <u>Proctor v. Danbury Chem. Corp.</u>, No. CV 90 0265886S, 1992 WL 16908, at *1 (Jan. 28, 1992) (holding that a plaintiff's offer of compromise encompassed less than the jury verdict because of collateral source payments and finding that section 52-195 measures a plaintiff's total recovery based on the total "judgment" awarded, rather than the jury verdict).  The court could not locate any appellate Connecticut case law that directly addresses this issue.

compromise signed by the defendant or the defendant's attorney, directed to the plaintiff or the plaintiff's attorney"); D. Conn. L. Civ. R. 68 ("Offers of compromise made under Connecticut state law shall be governed by and comply with Connecticut General Statutes § 52-192a or §§ 52-193 – 195.").[4]  It therefore appears that the relevant Connecticut statutes, section 52-193 and section 52-195, do not apply to defendant's Offer of Judgment in this specific instance.

In sum, because plaintiff's total award exceeded the amount that the defendant offered to him, the court concludes that he is entitled to post-Offer attorney's fees.

b)      Additional Limitations Under State Law

The City also contends that, under Tomick v. UPS, Inc., 157 Conn. App. 312 (2015), plaintiff's attorneys fees must be limited to "one-third amount of the jury verdict in this case ($15,086.33)."  Def.'s Opp. at 8.  The City's argument, as this court understands it, is that plaintiff's request for attorney's fees runs afoul of the Tomick court's reasoning that permitting punitive damages under the CFEPA, in addition to attorney's fees and costs, would allow for "multiple recovery of attorney's fees and litigation costs" and would, therefore, violate the common-law principle that punitive damages should be limited "to a single recovery of litigation expenses", and no more. See Tomick, 157 Conn. App. at 339-40.  Because plaintiff's retainer agreement with counsel "provide[d] that one of his attorneys would be compensated in the amount of one-third of the gross recovery," the City argues, this one-third contingency encompasses the entirety of plaintiff's "litigation costs", and any additional award would

---

[4] For example, it is not clear, from the available record, that the City filed the Offer with the Clerk of the court.

run afoul of Tomick.  See Def.'s Opp. at 8 (citing Retainer Fee Agreement, Pl.'s Ex. 7, at 1 (Doc. No. 142-7)).

The court is unpersuaded.  First, as noted above, Tomick analyzed whether punitive damages, in addition to attorney's fees, are authorized by the CFEPA.  It did not analyze, or provide any guidance, as to the amount of attorney's fees that a court may award under the CFEPA.  Moreover, the court notes that some of the law in Tomick is now outdated because "a recent legislative enactment, Public Acts 2019, No. 19-16, § 10," now "permits a plaintiff to seek punitive damages under the CFEPA." Herrick v. Southington Veterinary Hosp., LLC, No. HHB-CV22-6076255-S, 2023 WL 3840080, at *5 (May 31, 2023); accord Conn. Gen. § Stat. 46a-104 (providing that a court may grant "temporary or permanent injunctive relief, punitive damages, attorney's fees and court costs" (emphasis added)).

Second, the court disagrees with the argument that plaintiff's Retainer Agreement effectively limits his "litigation costs", i.e., the total amount of plaintiff's attorney's fees and costs, to only one-third of the jury's verdict.  As the City itself appears to acknowledge, the Agreement provided for a one-third contingency fee or "an award of reasonable attorney's fees, whichever is greater, exclusive of costs."  See Retainer Fee Agreement at 1 (emphasis added).  The court does not read the Agreement as limiting plaintiff's "litigation costs" to only $15,086.33.

In any event, the court concludes that the reasoning articulated in Tomick does not prevent it from awarding attorney's fees in excess of $15,086.33.  The plaintiff is requesting reasonable attorney's fees—not duplicative, punitive damages—and the court believes that plaintiff is, indeed, entitled to reasonable attorney's fees in the

amount of $149,765.  <u>See</u> Section III.A.2, <u>infra</u>.  The court has discretion, under the CFEPA, to award those fees.  <u>See</u> Conn. Gen. § Stat. 46a-104 (providing that "[t]he court may grant . . . such legal and equitable relief which <u>it deems appropriate</u> including . . . attorney's fees and costs" and that "the amount of attorney's fees allowed shall not be contingent upon the amount of damages requested by or awarded to the complainant" (emphasis added)); <u>Tomick</u>, 157 Conn. App. at 336 (discussing attorney's fees under the CFEPA).  The court therefore declines to limit plaintiff's award of attorney's fees to one-third of the jury verdict.

c)     Amount in Damages

In addition, the City argues that the jury's damages award of $45,259 was relatively small and, therefore, counsels in favor of a significantly reduced fee award. <u>See</u> Def.'s Opp. at 18-19.  However, "[a] presumptively correct 'lodestar' figure" generally "should not be reduced simply because a plaintiff recovered a low damage award."  <u>Cowan v. Prudential Ins. Co. of Am.</u>, 935 F.2d 522, 526 (2d Cir. 1991).  Indeed, the CFEPA specifically provides that an amount of attorney's fees, if awarded, "shall not be contingent upon the amount of damages requested by or awarded to the complainant."  Conn. Gen. Stat. § 46a-104.  Although the damages award was certainly far less than plaintiff apparently wanted, an award of $45,259 is not nominal or miniscule.  Moreover, while this case deals with discretionary attorney's fees under state law, this court remains mindful of the principle that, in civil rights cases, courts should generally avoid imposing significant reductions in fees based on a relatively low damages award.  <u>Cowan</u>, 935 F.2d at 526.  The court has determined that plaintiff's

10

award warrants a reduction on other grounds, <u>see</u> Section III.A.2.b, <u>infra</u>, and it declines

to reduce the award further based on his amount of damages awarded.

    2.  Reasonableness of Requested Attorney's Fees and Costs

  Having determined that the plaintiff's attorney's fee award should not be reduced

due to his declined Offer of Judgment, <u>Tomick</u>, or his damages award, the court now

considers whether his request for attorney's fees is reasonable.  As both parties

recognize, Mercado prevailed on his CFEPA claim at trial, which makes him a prevailing

party who may be awarded attorney's fees under section 46a-104.  "[T]o qualify as a

prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his

claim. The plaintiff must obtain an enforceable judgment against the defendant from

whom fees are sought."  <u>Farrar v. Hobby</u>, 506 U.S. 103, 111 (1992).  The court must,

therefore, calculate the presumptively reasonable fee award.  Here, neither party

appears to contest that presumptively reasonable attorney's fees are determined via the

lodestar method, in which the court multiplies "a reasonable hourly rate" by "the

reasonable number of hours required by the case".  <u>Millea v. Metro-North Ry. Co.</u>, 658

F.3d 154, 166 (2d. Cir. 2011); <u>Ernst v. Deere & Co.</u>, 92 Conn. App. 572, 576 (2005)

("[T]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying

the number of hours reasonably expended on the litigation times a reasonable hourly

rate . . . . The courts may then adjust this lodestar calculation by other factors." (quoting

<u>Laudano v. New Haven</u>, 58 Conn. App. 819, 822-23 (2000))).

    a)  Hourly Rate

  When determining a reasonable hourly rate, the district court should consider

"case-specific variables that [the Second Circuit] and other courts have identified as

relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."

See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 189 (2d Cir. 2008).  Such factors include:

> the time and labor spent by the attorneys, the novelty and complexity of the legal issues, fees customarily charged in the same locality for similar services, the lawyer's experience and ability, relevant time limitations, the magnitude of the case and the results obtained, the nature and length of the lawyer-client relationship, and whether the fee is fixed or contingent.

Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 259 (2003); accord Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717-720 (5th Cir. 1974) (listing factors for determining the reasonableness of attorney's fees).

Both of Mercado's attorneys, Attorney Daniel Angelone ("Attorney Angelone") and Attorney Adam Spiewak ("Attorney Spiewak"), charged an hourly rate of $350 over the course of the litigation.  See Affidavit of Daniel T. Angelone ("Angelone Aff."), Pl.'s Ex. 1, at ¶ 20 (Doc. No. 142-3); Affidavit of S. Adam Spiewak ("Spiewak Aff."), Pl.'s Ex. 2, at ¶ 15 (Doc. No. 142-4).  Based on the aforementioned factors, the supporting documentation, and this court's familiarity with hourly rates in Connecticut, the court concludes that these hourly rates are reasonable.  Attorney Angelone has been practicing law and representing plaintiffs in discrimination matters for approximately fourteen years.  See Angelone Aff. ¶¶ 7-8.  Attorney Spiewak has been practicing employment law for approximately twenty years.  See Spiewak Aff. ¶¶ 7-8.  The requested rates are well within the range of those charged by mid-to-senior level attorneys in this District.  See Miro v. City of Bridgeport, No. 3:20-CV-346, 2024 WL 302032, at *3 (D. Conn. Jan. 26, 2024) (upholding a $400 hourly rate for experienced attorneys in a civil rights matter); Rzasa v. BJ's Rests., Inc., No. 3:23-cv-0140, 2023 WL 3860457, at *4 (D. Conn. June 7, 2023) (finding hourly rates of $500 for a partner, $400

for a senior associate, and $300 for a mid-level associate to be reasonable); <u>Rhomes v. Mecca Auto</u>, LLC, No. 3:21-CV-01360, 2022 WL 3082986, at *6 (D. Conn. Aug. 3, 2022) (concluding that hourly rates of $475 for a managing attorney and $350 for a senior associate are reasonable).  The Attorneys have worked with Mercado on this action since 2020.  The plaintiff obtained a damages award that, although much less than plaintiff apparently wanted, is far from nominal or miniscule.  And the issue at stake in this case—perceived disability discrimination—while not particularly novel or complex, is also not entirely simple and straightforward.  Taken together, the court concludes that the hourly rate of $350 for each attorney is reasonable.[5]

       b)     Hours Billed

The court now turns to the issue of whether plaintiff claims "a reasonable number of hours required by the case."  <u>Millea</u>, 658 F.3d at 166.  A "court should include the number of hours claimed by plaintiffs' attorneys that are supported by time records, that are not excessive or duplicative, and that do not reflect work done only in connection with unrelated claims on which plaintiffs did not succeed[.]"  <u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 764 (2d Cir. 1998).  However, a plaintiff may be entitled to attorney's fees incurred from hours worked on claims that are ultimately unsuccessful, provided that the unsuccessful claims "were 'inextricably intertwined' with the successful claim and involved the same facts and related legal theories."  <u>See Johnson v. Rapice</u>, No. 3:00-CV-1556, 2007 WL 1020747, at *2 (D. Conn. Mar. 30, 2007) (quoting

---

[5] In its Opposition, the City notes that the court was not "provided with any indication that the plaintiff had agreed to any terms on which Attorney Spiewak would be compensated for representing him in this matter."  Def.'s Opp. at 12.  Nonetheless, the court finds that Attorney Spiewak's claimed hourly rate reasonably reflects his experience and skill, and it has accounted for potentially duplicative or otherwise unnecessary or unwarranted hours of claimed work.  <u>See</u> Section III.A.2.b, <u>infra</u>.

Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999)).  Connecticut courts have

similarly recognized this principle.  See Russell v. Dean Witter Reynolds, Inc., 200

Conn. 172, 195 (1986) (concluding that, "[b]ecause the amounts [the plaintiff] expended

on litigation, including the dollars spent on his unsuccessful claims, were devoted to the

pursuit of a goal that he achieved, the trial court permissibly rejected the defendants'

demand that it reduce the award by two-fifths"); Rice v. Ryders Health Mgmt., Inc., No.

KNLCV116008602S, 2016 WL 3769093, at *5 (June 16, 2016) (finding that, where "the

factual development and all of the legal work on all of the claims were related or came

from a common nucleus, were worked on concurrently, and all of the effort contributed

to the success of the claims on which the plaintiff prevailed . . . an apportionment of

attorneys fees is neither practicable nor necessary").  Here, the court agrees with

plaintiff that the CFEPA and ADA claims were sufficiently related, such that

apportionment of fees would not be practicable or necessary.

Because the amount of attorney's fees incurred by plaintiff before March 7, 2023

is important to the issue of whether he is warranted attorney's fees after the City's Rule

68 Offer of Judgment, the court analyzes the fees incurred before March 7, 2023.  See

Townsend, 679 F.3d at 58-60.  Having reviewed the Billing Statement, the court

believes that a portion of the hours billed should be excluded.  For example, the plaintiff

seeks fees relating to CHRO and union work.  The court agrees with the City that such

work is not warranted attorney's fees, and it will thus exclude the 22.72 hours of work

spent on those matters—up until September 10, 2020, when the CHRO released

jurisdiction—which reduces plaintiff's claimed pre-Offer attorney's fees by $7,952.

Moreover, the plaintiff seeks attorney's fees for certain unwarranted items such as, inter alia, Attorney Spiewak's "attend[ing] [a] telephonic status conference".  See Billing Statement, Pl.'s Ex. 1, at 31 (Doc. No. 141-2).  Nonetheless, the court finds that many of the City's objections to the hours billed, on the grounds that they are duplicative or excessive, are largely unwarranted.  For example, the City asks the court to cut half, or even more, of approximately 52 hours of allegedly overlapping work between Attorney Angelone and Attorney Spiewak on plaintiff's objection to defendant's Motion for Summary Judgment, which would overlook the reality that attorneys can collaborate on brief writing and other work product and would result in plaintiff's attorneys receiving an unfairly low fee amount for their work on the summary judgment opposition.[6]  See Barati v. Metro-North R. Co., 939 F. Supp. 2d 153, 157 (D. Conn. 2013) (noting that it is "not unreasonable" that two attorneys "would approach brief writing as a collaborative process").

After reviewing the entirety of the Billing Statement, and the other Exhibits proffered by the parties, the court will exercise its discretion and impose a 15% reduction in plaintiff's remaining, claimed pre-Offer attorney's fees to account for claimed hours that are excessive or unnecessary, or that encompass the kind of work that generally does not warrant attorney's fees.  See Marion S. Mishkin Law Off. v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014) (noting that a "district court is not obligated to undertake a line-by-line review of [a] fee application" and that "[i]t may, instead, 'exercise its discretion and use a percentage deduction as a practical means of

---

[6] The court nonetheless agrees with the City that approximately 52 hours of work to oppose a Motion for Summary Judgment is slightly excessive.

trimming fat'" (quoting <u>McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Tr. Fund</u>, 450 F.3d 91, 96 (2d Cir. 2006))).

The court finds that this reduction appropriately accounts for pre-Offer hours of work that are excessive or otherwise do not warrant attorney's fees, without unfairly lowering the attorney's fees owed to the plaintiff.  For example, the court believes that approximately 52 hours of work on researching, drafting, and filing an Opposition to a Motion for Summary Judgment is slightly excessive.  A 15% reduction, <u>i.e.</u>, a reduction of approximately eight hours, is a reasonable adjustment to account for these somewhat excessive and possibly duplicative hours.  This reduction also accounts for certain claimed activities that do not warrant attorney's fees, such as, <u>inter alia</u>, Attorney Spiewak merely joining Attorney Angelone in attending certain conferences, <u>see, e.g.</u>, Billing Statement at 30-31; along with other purely administrative or otherwise inapplicable tasks listed in the pre-Offer billing entries such as, <u>inter alia</u>, reviewing news articles and scheduling calendar entries, as well as work dedicated solely to Geremia's claims, <u>see, e.g.</u>, <u>id.</u> at 8, 11, 15.

After applying the 15% reduction to plaintiff's claimed, pre-Offer attorney's fees— after initially excluding the hours of work dedicated to CHRO proceedings and union-related matters—the court concludes that plaintiff is warranted attorney's fees for 175.96 hours of claimed work, worth $61,586 in attorney's fees, prior to the City's Offer of Judgment on March 7, 2023.  As discussed above, this amount, combined with the jury verdict, exceeds the City's Offer of Judgment amount and, therefore, means plaintiff is also entitled to post-Offer attorney's fees.  <u>See</u> Section III.A.1.a, <u>supra</u>.

Thus, the court must also determine the reasonableness of plaintiff's claimed hours of post-Offer attorney work.  After reviewing the post-Offer attorney's fees, the court finds that the claimed hours are, overall, reasonable and devoid of the excessive or otherwise unwarranted hours of claimed work that were present in the pre-Offer entries.  The court will thus award plaintiff 251.94 of post-Offer hours worked.

Based on the above analysis, the court concludes that the plaintiff is owed attorney's fees for a total of 427.9 hours worked, multiplied by a $350 hourly rate for each attorney.  Plaintiff is thus entitled to attorney's fees in the amount of $149,765.

### c) Reasonableness of Costs

The plaintiff also seeks an award of costs, in the amount of $4,298.14, in connection with court filing fees, service of process, deposition fees, and parking fees. See Pl.'s Mem. at 2; Billing Statement at 35-36.  Although the City contends that the court should not award any post-Offer costs to plaintiff—a position with which this court disagrees, see Section III.A.1.a, supra—it does not appear to dispute any of the specific costs that plaintiff has identified.  Because this court has found plaintiff is entitled to post-Offer attorney's fees and costs, and because it finds the costs sought by plaintiff are reasonable, it will award plaintiff his claimed costs in full, in the amount of $4,298.14.

### d) Multiplier

Finally, the City argues that a fee multiplier is unwarranted in this matter.  See Def.'s Mem. at 19.  Regardless of whether such a multiplier is permissible under the CFEPA, the court agrees with the City that a multiplier is not appropriate in this case. The court believes the award, as calculated, accurately reflects the factors set forth by

the Second Circuit and Connecticut, including, <u>inter alia</u>, the time and labor required, the relative novelty or difficulty of the issue, the requisite skill and experience, and the results obtained.  <u>C.f.</u> <u>Doe v. Bridgeport Police Dep't</u>, 468 F. Supp. 2d 333, 339 (D. Conn. 2006) (applying a multiplier because the "time actually awarded is conservative" and "the question addressed is of first impression and difficult").  The court therefore declines to apply a multiplier of 1.25, as requested by plaintiff.

      B.    <u>Motion for Prejudgment and Post-Judgment Award Interest</u>

          1.    Prejudgment Interest

The plaintiff also requests an award of prejudgment interest pursuant to section 37-3a of the Connecticut General Statutes.  <u>See</u> Pl.'s Award Interest Mot. at 1.  The City opposes any award of prejudgment interest, arguing that "prejudgment interest is precluded because it was not presented to the jury."  <u>See</u> Def.'s Opp. at 20.  Here, the court agrees with the City that, under the prevailing case law, Connecticut law does not appear to allow a trial judge to award prejudgment interest when a case has been tried before a jury.  <u>See</u> <u>Foley v. Huntington Co.</u>, 42 Conn. App. 712, 738 (1996) ("[T]he determination of whether interest pursuant to § 37–3a should be awarded is a question for the trier of fact."); <u>Ferguson v. Fairfield Caterers, Inc.</u>, No. 3:11-CV-01558, 2015 WL 2406156, at *11 (D. Conn. May 20, 2015); <u>Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. Ensign-Bickford Co.</u>, No. 98-CV-1857, 2004 WL 722231, at *8 (D. Conn. Mar. 30, 2004).[7]

---

[7] The court views plaintiff's citations to <u>DiLieto v. Cnty. Obstetrics & Gynecology Grp., P.C.</u>, 310 Conn. 38 (2013) as unpersuasive.  <u>DiLieto</u> addressed the issue of whether the trial court erred in denying the plaintiff <u>post</u>-judgment interest.  <u>See</u> <u>DiLieto</u>, 310 Conn. at 55-56.  The holding in DiLieto does not necessarily contradict the holdings in <u>Ferguson</u> and <u>Retepromaca</u> that the award of prejudgment interest, as an element of damages, is an issue for the jury, not the court.

Nonetheless, even assuming, arguendo, that this court possesses the authority to award prejudgment interest in this case, it declines to do so.  Here, as in Ferguson, the plaintiff did not seek prejudgment interest as part of his damages award.  See Complaint at 23 (not requesting prejudgment interest); accord Plaintiff's Voir Dire, Jury Instruction, and Verdict Form Proposals, Attach. 1 to Joint Tr. Mem. (Doc. No. 87-1) (same).  Moreover, even though the jury was not expressly tasked with evaluating prejudgment interest during their assessment of damages, it is very possible that, when assessing damages, the jury "discuss[ed] or contemplate[d] some measure of the time-value of money."  Ferguson, 015 WL 2406156, at *11.  Here, this court finds the jury award in this case to be fair and equitable, and like the court in Ferguson, this court "trust[s] that the jury considered how to compensate plaintiff to the extent that it thought proper."  Id.  Accordingly, the court declines to exercise its discretion to award prejudgment interest in the case at bar.

### 2.    Post-Judgment Interest

Finally, the plaintiff requests post-judgment interest.  See Pl.'s Mem. at 6.  The City does not appear to oppose this request, see Def.'s Opp. at 6, and the court sees no reason why it should not grant it, see Shaw v. Greenwich Anesthesiology Assocs., P.C., 200 F. Supp. 2d 110, 119 (D. Conn. 2002) (noting defendant's lack of opposition to plaintiff's request for an award of post-judgment interest in a CFEPA case and granting the motion accordingly).  The plaintiff requests that the post-judgment interest be set according to the 52-week Treasury Bill rate, as determined under section 1961 of title 28 of the United States Code.  See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").  "Where a judgment

awards attorneys' fees, post-judgment interest shall accrue on the award for attorneys' fees pursuant to section 1961." Fresh Meadow Food Servs., LLC v. RB 175 Corp., No. 04-CV-4767, 2013 WL 527199, at *13 (E.D.N.Y. Feb. 11, 2023); accord Strauch v. Comput. Scis. Corp., No. 14-CV-956, 2020 WL 4289955, at *13 (D. Conn. July 27, 2020) (noting that attorney's fees and costs constitute part of the judgment for purposes of awarding post-judgment interest under section 1961); Pappas v. Watson Wyatt & Co., No. 04-CV-304, 2008 WL 350633, at *3 (D. Conn. Feb. 7, 2008) ("Under 28 U.S.C. § 1961, the Plaintiff is entitled to post-judgment interest on 'any money judgment in a civil case recovered in a district court.' Courts have held that the phrase 'any money judgment" includes a judgment awarding attorneys' fees.'" (citing Albahary v. City and Town of Bristol, 96 F.Supp.2d 121, 122 (D. Conn. 2000))). The court will therefore grant plaintiff post-judgment interest, pursuant to section 1961, on the total jury verdict award of $45,259.00, as well as the attorney's fees and costs of $154,063.14, from the date of the Judgment entered on May 17, 2023, until payment is received.

## IV. CONCLUSION

For the reasons stated above, plaintiff's Application for Attorney's Fees and Costs (Doc. No. 142) is granted in part. The court awards plaintiff reasonable attorney's fees in the amount of $149,765.00 and costs in the amount of $4,298.14. The plaintiff's Motion for an Award of Pre-Judgment and Post-Judgment Interest (Doc. No. 143) is granted in part. The court grants plaintiff's request for post-judgment interest, calculated under section 1961 of title 28 of the United States Code, and accruing on May 17, 2023, the day judgment was originally entered in this case. The plaintiff's request for prejudgment interest is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 29th day of February 2024.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge